Curia, per
O’Neall, J.
In the case of Bond vs. Quattlebaum, (1 M’C. R. 584,) decided in 1822, Judge Nott said, *129 R It is now understood to be a settled rule of law that, when a person has been evicted of laud, or what amounts to the same thing, when he is deprived of it by title paramount in another, although there has been no eviction, he is entitled to recover back the purchase money, with interest, and nothing more.” “There may be,” he adds, “ cases where the rents and profits in the mean time will take away the claim of the party to interest.” This last dictum, with unfeigned deference to every thing which was said by the great Judge whose words I have quoted,3is, I think, erroneous. There is no case of eviction, actually, or constructively, by paramount title, where the party’s right to interest would be defeated by the reception of the rents and profits'. The defect reaches-back to the beginning of his title, and the rents and profits which he has received are not those of his vendor, but those of a third person having the paramount title. The damages recovered in a case of actual eviction, or which ,may be recovered by an existing paramount title outstanding, are in .the place of rents and profits, and represent them in legal contemplation.
The case of the vendee’s title defeated by a mortgage, does not conflict with the principles I have stated. The mortgage is a mere incumbrance; it is by the foreclosure only, that the right of the mortgagor or his alienee is defeated, and it is, therefore, only an actual eviction under the decree of foreclosure that will entitle the vendee- to. damages on the covenant of warranty. It is then, that, through the defect in his title, his possession is defeated by actual eviction, and he can only have interest from that time. Such seems to be the purport of the decision in Executors of Withers vs. Johnson, April, 1830,* although that can hardly be regarded as *130 authority, for the two judges who concurred in the result differed materially in the reasoning by which they arrived at their conclusion, while the third member of the court (Johnson, J.) dissented from it; and, in the circuit court, Gantt, J. seems to have given no opinion on the law of the case.
The A. A. 1824, sec. 4, (p. 24,) enacts, in affirmance of the rule, as laid down in Furman vs. Elmore, (2 N. & M’C. R. 189,) Bond vs. Quattlebaum, and the other cases decided at law, “ that, in any action or suit at law, or in equity, for reimbursement or damages, upon covenant or otherwise, the true measure of damages shall be the amount of the purchase money at the timeof the alienation, with legal interest.” Testing the case before us by this Act, or by the rule of law *131 settled long before it was enacted, there can be no doubt that the jury adopted the true measure of damages, in giving to the plaintiff the proportion of the purchase money which the land recovered bore to the whole tract, with interest from the date of his deed.
Petigru Sf Lesesne for the motion.
Motion dismissed;
the whole Court concurring,

That case is introduced here, as well for the better understanding of the present one, as on account of the citation of it in 2 Rice’s Dig. 192, viz:
“Action of debt on bond for the purchase money of negroes — plea, non, esl factum; on the trial the defendant proved that the negroes purchased were taken away from him by virtue of a mortgage given by Withers, before his sale to defendant. The jury found for defendant, and the Court refused a new trial.”